UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEEL AHMED ALI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                              /

Case No. 14-12996

Honorable Nancy G. Edmunds

## OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S JUNE 3, 2015 REPORT AND RECOMMENDATION [17]

This matter comes before the Court on Plaintiff's objections to the Magistrate Judge's June 3, 2015 Report and Recommendation [17]. Being fully advised in the premises and having reviewed the record and the pleadings, including Plaintiff's objections, the Court hereby ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation. It is further ordered that Plaintiff's motion for summary judgment [11] is DENIED, Defendant's motion for summary judgment [16] is GRANTED, and the case is hereby DISMISSED.

The vast majority of Plaintiff's "objections" are little more than rehashed--at times verbatim--arguments that were previously raised in his motion for summary judgment. "This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v.*

*Comm'r of Soc. Sec.*, No. 1:12–47, 2013 WL 1304470, at *3 (W.D.Mich. Mar.28, 2013) (citations omitted.). With respect to those objections that are sufficiently tied to a specific finding in the Report and Recommendation, Plaintiff argues that the Magistrate Judge (1) placed undue emphasis on his ability to complete household activities, and (2) erred by adopting the Administrative Law Judge's ("ALJ") finding that the opinion of treating psychiatrist Dr. Al-Najjar was worthy of only little weight. The Court considers each in turn.

Plaintiff's first objection revolves around the ALJ's conclusion that his "described daily activities [were] not limited to the extent one would expect given [his] complaints of disabling symptoms and limitations." (Transcript, 20; ALJ's Decision, 9). More specifically, Plaintiff asserts that the ALJ's adverse credibility finding was based exclusively on the fact that he is able to "drive and shop three times a week . . . ." (Plf.'s Obj. 2). The Court is not persuaded by this contention for a number of reasons.

As a preliminary matter, there is no question that "[a]n ALJ may also consider household and social activities engaged in by the claimant in evaluating the claimant's assertion of pain or ailments." *Kidd v. Comm'r of Soc. Sec.*, 283 Fed. App'x 336, 342 (6th Cir. 2008) (quotations omitted). Moreover, an ALJ's credibility findings "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.1997). Here, contrary to Plaintiff's suggestion, the ALJ considered a whole host of evidence in support of his conclusion that "while the claimant's daily activities reflect some restrictions, his ability to handle hygiene tasks, drive, and shop for all necessities is generally consistent with light work." (Tr. 20, ALJ Decision, 9). Indeed, the ALJ specifically considered the following:

> The claimant is independent in all personal care activities, including dressing, bathing, and feeding himself. He resides with five children, and has reported that he cares for and supports them. [H]e drives a motor vehicle. He buys groceries, clothing, house supplies, and other necessities for his children. He goes to the store as often as three times a week. He does not need assistance to run errands.

(*Id.*). In other words, Plaintiff's ability to "drive and shop three times a week" was simply one of many household activities considered by the ALJ in support of his credibility assessment. Furthermore, Plaintiff does not take issue with the factual basis offered in support of the ALJ's conclusion.

Nor does Plaintiff's reliance on *Rogers v. Comm'r of Soc. Sec,* 486 F.3d 234 (6th Cir. 2007) suggest that the result should be any different. There, the ALJ's findings "not only mischaracterize[d] Rogers' testimony regarding the scope of her daily activities, but also fail[ed] to examine the physical effects coextensive with their performance." *Id.* at 249. Stated differently, *Rogers* holds that credibility determinations, which may include consideration of the claimant's daily activities, must be reasonable and supported by substantial evidence.

Here, by contrast, the ALJ specifically considered Plaintiff's daily activities in conjunction with his medical history in concluding that he was capable of performing light work. *See Hall v. Comm'r of Soc. Sec.*, No. 09-13101, 2010 WL 3583369, at *3 (E.D. Mich. Sept. 13, 2010) ("Because the ALJ also considered contradictory medical evidence on the record when making her adverse credibility finding, it was appropriate for the ALJ to consider daily activities in her credibility finding."). In fact, the ALJ noted that Plaintiff's "treatment has been quite conservative, consisting only of injections, medications, and physical therapy. He underwent an evaluation from a surgeon, and no surgical procedure

3

was recommended." (Tr. 21, ALJ Decision, 10). In sum, "there is nothing patently erroneous in the ALJ's decision to rely on h[is] own reasonable assessment of the record over the claimant's personal testimony." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009). As such, the Court agrees that there is substantial evidence to support the ALJ's adverse credibility finding, especially in light of the great deference to be accorded to his determination in this regard.

In his final objection, Plaintiff argues that the ALJ failed to give proper weight to the opinion of Dr. Al-Najjar, his treating psychiatrist. This argument can be summarily disposed of. The Sixth Circuit has been clear that an opinion issued by a treating source is entitled to deference if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques' and [is] 'not inconsistent with the other substantial evidence in [the] case record,' . . . .'". *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (quotations omitted). Further, "[i]f the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors-namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

As the ALJ aptly explained, the record contains numerous reasons to be highly skeptical of Dr. Al-Najjar's opinion. First, and perhaps foremost, "[g]iven that Dr. Al-Najjar only treated the claimant from December 2012 to February 2013, his opinion is not a good reflection of the claimant's functioning throughout the majority of the [relevant] period . . . in 2011 and 2012." (Tr. 20, ALJ Decision). Furthermore, Dr. Al-Najjar's conclusion that

Plaintiff had "no useful ability" to complete a normal workday was formed after seeing "the [Plaintiff] just once." (*Id.*). Moreover, it is difficult to determine whether Dr. Al-Najjar's treatment regime--a variety of psychotropic medications--was effective in light of the fact that his relationship with Plaintiff spanned less than three months. As the court recognized in *Barker v. Shalala*, "[t]he treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." 40 F.3d 789, 794 (6th Cir.1994). In other words, the very premise of the treating physician doctrine cuts against providing significant deference to Dr. Al-Najjar's opinion. In short, the Court is satisfied that the ALJ properly considered and applied all of the *Wilson* factors before concluding that Dr. Al-Najjar's opinion was worthy of only limited weight.

For the reasons thus stated, the Court DENIES Plaintiff's objections and ADOPTS the Magistrate Judge's Report and Recommendation.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 3, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager